J. Erik Heath, Esq. (SBN 304683)
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone Number: (415) 391-2391
Facsimile Number: (415) 449-6556
Email Address: erik@heathlegal.com


Attorney for Plaintiff
**LESLEY KAPLAN**


# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| LESLEY KAPLAN,<br>        Plaintiff,<br><br>v.<br><br>THE MORTGAGE LAW FIRM, PLC.,<br>        Defendant. | Civil Action No. 3:17-cv-1292<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**15 U.S.C. § 1692** *et seq.* |


    LESLEY KAPLAN, Plaintiff, brings this action against The Mortgage Law Firm, PLC,
for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

    1.    The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331
and 15 U.S.C. § 1692k(d).

    2.    Venue is proper in the Northern District of California because a substantial part of
the events giving rise to the claims occurred within the district.  *See* 28 U.S.C. § 1391(b)(1).

    3.    Pursuant to Local Rule 3-2(c) and (d), this action should be assigned to the San
Francisco and Oakland Division of this Court because a substantial part of the events or
omissions which gave rise to this lawsuit occurred in Alameda County.

**PARTIES**

4.      Plaintiff LESLEY KAPLAN is a citizen of the United States, and currently lives in Contra Costa County, California.

5.      Defendant THE MORTGAGE LAW FIRM, PLC ("TMLF"), is a California professional corporation, who regularly collects or attempts to collect debts.  TMLF's principal office is in Temecula, California, and TMLF may be served with process through its registered agent, Jason Cotton, 41689 Enterprise Circle North, Temecula, California, 92590.

**FACTUAL BACKGROUND**

6.      On or around September 2005, Plaintiff took out a mortgage in the amount of $280,000 from Washington Mutual Bank ("WaMu") to purchase her residence, a single-family dwelling, at 2910 Euclid Ave, Concord, California (the "Mortgage Transaction").

7.      On or around September 2008, WaMu went out of business, and JPMorgan Chase Bank, N.A. ("Chase") took over most of its accounts, including Plaintiff's mortgage account.

8.      In March 2013, Plaintiff was two months behind on her home mortgage, and she filed a Chapter 13 bankruptcy petition in the Northern District of California, Oakland Division. *See In re Kaplan*, No. 13-41536 (Bankr. N.D. Cal. filed Mar. 15, 2013).

9.      As part of her Chapter 13 repayment plan, Chase was to receive approximately $3,180.00 through the bankruptcy case, which would cure Plaintiff's two-month, pre-bankruptcy mortgage account.

10.     In September 2014, Plaintiff's loan was assigned from Chase to Fannie Mae, with Seterus, Inc. ("Seterus"), noted as the servicer.

11.     After the filing of her Chapter 13 bankruptcy Plaintiff made all of her ongoing postpetition mortgage payments on time, with two exceptions: October 2013, which she made as a partial payment, and February 2015, which was missed.

12.     Plaintiff caught up on her October 2013 partial payment on or around December 4, 2015, and she caught up with her February 2015 installment on or around February 19, 2016.

COMPLAINT

13.     Despite Plaintiff having caught up on her postpetition mortgage payments, on March 11, 2016, TMLF filed a motion for relief from automatic stay on behalf of Seterus, Inc., in her bankruptcy case.  In its motion, TMLF explained, *inter alia*:

    a.  "On June 1, 2015, Debtor defaulted under the terms of the Note by failing to make the monthly payment due on that date.  Debtor has failed to make all consecutive monthly payments on the Note due thereafter to Creditor."

    b.  "Post-petition arrears now exist in the amount of $7,716.78 representing four (4) payments and attorneys' fees."  This amount included $1,026.00 in attorneys' fees and costs for the filing of the motion.

    c.  "An additional payment is due on October 1, 2015, in the amount of $1,585.84."

    d.  "The last payment was received from Debtor on September 4, 2015."

14.     The above representations that TMLF made in its motion concerning Plaintiff's account status and payment history were false.  Contrary to TMLF's motion, Plaintiff had made all monthly installments due since June 1, 2015, and even caught up on her two prior missed payments in that time.

15.     TMLF's motion was based on information that, at a minimum, was obviously obsolete.  Attached to TMLF's March 11, 2016 motion was a declaration from Seterus concerning Plaintiff's account activity as of September 21, 2015 – almost six months beforehand.

16.     Further, any meaningful review of Plaintiff's account records would have also shown that particular aspects of the September 21, 2015, declaration from Seterus were false, or at least questionable.  For example, even as of September 21, 2015, Plaintiff was not missing four monthly installments of postpetition mortgage payments.

17.     On or around April 26, 2016, after receiving an objection from Plaintiff's bankruptcy attorney, and being provided with information showing that its alleged default was incorrect, TMLF withdrew its motion.

18.     Despite TMLF's withdrawal of its motion, on August 9, 2016, TMLF submitted a request in the bankruptcy court's claim register to be paid attorneys' fees for its misguided allegations of Plaintiff's default.  Specifically, TMLF raised its attorneys' fee demand to $1,462.50, and sought an additional $176 for filing fees and costs.  TMLF also sought a number of other fees related to Plaintiff's alleged default, including $145.03 in foreclosure fees and costs, $591.00 in property inspection fees, and $143.00 in appraisal fees.

19.     On September 29, 2016, after Plaintiff's bankruptcy attorney objected to TMLF's request for fees and expenses, TMLF filed an amended request in the bankruptcy court's claim register, lowering its request to $850.00 in attorneys' fees incurred on March 24, 2016, $176.00 in filing fees and court costs incurred on March 24, 2016, and $60.00 in property inspection fees incurred on February 17, 2016, March 23, 2016, April 21, 2016, and June 21, 2016.

20.     On January 18, 2017, the bankruptcy court rejected many of TMLF's requested fees and expenses related to Plaintiff's purported default, and allowed TMLF to receive only the $60.00 requested for property inspection fees.

21.     TMLF does not have an adequate policy and procedure in place to ensure (a) that it takes actions against debtors based only on accurate and timely information, and (b) that there is a valid basis for its request for attorneys' fees from consumers.

22.     On account of TMLF's actions, Plaintiff has suffered anxiety, embarrassment, and frustration, as TMLF's actions have thwarted the hard work she has put towards saving her home and obtaining a fresh start.

## CAUSE OF ACTION:
## FAIR DEBT COLLECTION PRACTICES ACT

23.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

24.     The Mortgage Transaction was initiated primarily for personal, family, or household purposes.

25.     Defendant TMLF is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

26.     Defendant TMLF uses the mail and telephone communications in its business.

27.     Defendant TMLF regularly collects or attempts to collect debts asserted to be due to another.

28.     Defendant TMLF has violated the FDCPA.  These violations include, but are not limited to, the following:

   a.  Defendant TMLF has used false, deceptive, or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

   b.  Defendant TMLF has falsely represented the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2)(A);

   c.  Defendant TMLF has threatened to take action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);

   d.  Defendant TMLF has used false representations or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10); and

   e.  Defendant TMLF has attempted to collect an amount (including fees, charges, and expenses incidental to the principal obligation) without being authorized by the agreement, or permitted by law, in violation of 15 U.S.C. § 1692f(1).

29.     As a result of Defendant TMLF's actions, Plaintiff is entitled to an award of actual and statutory damages, as well as an award of costs and attorney's fees.

**WHEREFORE,** Plaintiff, LESLEY KAPLAN, requests that this Court:

(a) Award Plaintiff actual and statutory damages;

(b) Award Plaintiff attorney's fees, litigation expenses, and court costs; and

(c) Grant Plaintiff/Debtor such other and further relief as is just and proper under the circumstances.

Dated: <u>March 10, 2017</u>                    J. ERIK HEATH, ATTORNEY AT LAW

                                                */s/ Jon Erik Heath*

                                                J. ERIK HEATH
                                                Attorney for Plaintiff **LESLEY KAPLAN**

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of each and every cause of action so triable.

Dated: March 10, 2017                    J. ERIK HEATH, ATTORNEY AT LAW


                                         */s/ Jon Erik Heath*
                                         J. ERIK HEATH
                                         Attorney for Plaintiff **LESLEY KAPLAN**